**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN PAUL CANNEY,<br><br>                    Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of<br>Plymouth County Correctional<br>Facility, et al.,<br><br>                    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                                        Civil Action
                                        No. 26-cv-13184-PBS

<u>**ORDER**</u>

August 5, 2026

Saris, J.

Petitioner John Paul Canney ("Petitioner"), who has lived in the United States for thirty-seven years and has four United States citizen children, has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention. On June 22, 2026, Petitioner received a bond hearing in immigration court. At the hearing, the immigration judge denied Petitioner's request for release on bond. She found that the government had shown by clear and convincing evidence that Petitioner poses a danger to the community based on Petitioner's criminal history dating back to 1996.

Petitioner argues that his bond hearing did not comport with the First Circuit's holding that due process requires the

1

government to prove dangerousness by clear and convincing evidence to justify a noncitizen's detention. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). The government responds that Petitioner's "recourse is to exhaust administrative remedies by appealing the Immigration Judge's decision to the Board of Immigration Appeals ('BIA')." Dkt. 10 at 1. Yet as this Court has previously held, a noncitizen "need not exhaust an appeal to the BIA" before bringing a due process challenge of this sort "given the irreparable harm caused by [the] allegedly unlawful and ongoing detention." Cuzco Ganzhi v. Moniz, No. 26-cv-11478, 2026 WL 1194941, at *1 (D. Mass. May 1, 2026) (collecting cases).

Nonetheless, the Court denies Petitioner's motion on the merits. The Court's authority in reviewing Petitioner's due process challenge "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); see Miti v. Moniz, 827 F. Supp. 3d 206, 217 (D. Mass. 2026), appeal filed, No. 26-1655 (1st Cir. June 1, 2026).

The immigration judge in this case articulated the correct burden and standard of proof, so the question is whether the

2

evidence cited by the immigration judge was sufficient to justify her decision to deny bond based on dangerousness. The Court finds it was.

Here, the immigration judge first considered Petitioner's most recent arrests in February 2026. On February 24, 2026, Petitioner was arrested for domestic violence and simple assault. After speaking to the alleged victim, Petitioner's fiancée, and two of Petitioner's children, the police officers present concluded in their reports that Petitioner was the primary aggressor. The reports observed that the alleged victim had a bruise on her forearm from Petitioner grabbing her and "slight irritation on the right side of her face." Dkt. 1-4 at 47. Two days later, Petitioner was charged with domestic violence stalking and breach of bail when he returned to his fiancée's apartment. Significantly, these charges were nolle prossed and the alleged victim submitted a letter stating Petitioner's arrests were the result of her seizures.

The February 2026 police reports are not all the immigration judge considered in finding Petitioner dangerous. The immigration judge gave considerable weight to Petitioner's total criminal history, observing that "although some of the charges may have been nolle prossed . . . , he does have convictions for disorderly conduct, being a habitual offender, [and] criminal mischief" and that "he has . . . multiple arrests, reckless conduct, simple

assault, driving after revocation, [and] suspended license." Dkt. 1-3 at 5. She continued that "the list just goes on and on . . . dates back to 2013 [and] 2011." Id. The immigration judge acknowledged that the criminal history from the 1990s was "a bit dated" but that there are "multiple arrests and convictions in his criminal record." Id.

Petitioner also argues that the immigration judge failed to consider less restrictive alternatives to detention. Petitioner agreed to any amount of bond and alternatives like GPS monitoring and ICE check-ins. He also agreed to live separately from the alleged victim. When Petitioner's counsel raised alternatives to detention at the bond hearing, the immigration found "there is no alternative to detention that would ensure the safety of the community." Dkt. 1-3 at 4. In light of the lengthy criminal history, I am not persuaded that this decision is so arbitrary that it would offend fundamental tenets of due process.

Accordingly, the petition (Dkt. 1) is **DENIED**.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

4